Halsband Law Offices
39 Hudson Street, 4th Floor
Hackensack, NJ 07601
Jyoti M. Halsband (JH-9171)
David S. Halsband (DH-4609)
(201) 487-6249

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

CLYDA WILLIAMS,

                Plaintiff,

-against-

MID-HUDSON ADDICTION RECOVERY CENTER, INC.
FLORENCE MANOR COMMUNITY RESIDENCE,
MID-HUDSON ALCOHOLISM RECOVERY CENTER, INC.,
STEVEN PRESSMAN, and KAREN LAFFLER,

                Defendants.

-------------------------------------------------------------------X

**COMPLAINT**
**DEMAND FOR JURY TRIAL**

**CIVIL ACTION NO.**

**05 CIV. 6936**

**JUDGE McMahon**

Plaintiff, Clyda Williams, by her attorneys, Halsband Law Offices, alleges for her Complaint as follows:

## JURY DEMAND

1. Plaintiff, Clyda Williams, demands a trial by jury of all issues in this action.

## NATURE OF ACTION

2. Plaintiff seeks to recover damages against Defendants Mid-Hudson Addiction Recovery Center, Inc., Florence Manor Community Residence, Mid-Hudson Alcoholism Recovery Center, Inc. (collectively, "Mid-Hudson"), Steven Pressman ("Pressman"), and Karen Laffler ("Laffler) (collectively, Mid-Hudson, Pressman, and Laffler are referred to as the "Defendants"), for unlawful discrimination, termination, hostile work environment, and retaliation based upon Plaintiff's race and color, in violation of Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e et seq., (hereinafter, "Title VII"), 42 U.S.C. § 1981

(hereinafter "Section 1981"), and the New York State Human Rights Law, Section 290 et seq. of

the Executive Law of the State of New York (hereinafter, "Human Rights Law").

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over the Plaintiff's claims in this action

pursuant to 28 U.S.C. § 1331, Section 1981, Title VII, and under the principles of pendent

jurisdiction.

4.  This action was timely commenced within 90 days of receipt of the Notice of Right to

Sue dated July 8, 2005 from the United States Equal Employment Opportunity Commission

(hereinafter, "EEOC").

5.  The Defendants are found, transact business, have agents, and are within the

jurisdiction of this Court.

6.  Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## PARTIES

7.  Plaintiff is a black, African-American adult female and currently resides at 10-B

Rhobella Drive, Poughkeepsie, New York 12603.

8.  Upon information and belief, Mid-Hudson is, and all times mentioned hereinafter

was, duly licensed and authorized to do business pursuant to the laws of the State of New York.

9.  Mid-Hudson maintains a place of business at 51 Cannon Street, Poughkeepsie, New

York 12601 and at 52 Route 9, Fishkill, New York.

10. Pressman is a Caucasian adult male and, upon information and belief, maintains a

residence within the State of New York.

2

11. Laffler is a Caucasian adult female and, upon information and belief, maintains a residence within the State of New York.

12. Pressman has been an employee of Defendant Mid-Hudson Addiction Recovery Center, Inc.

13. Pressman has been an employee of Defendant Florence Manor Community Residence.

14. Pressman has been an employee of Defendant Mid-Hudson Alcoholism Recovery Center, Inc.

15. Laffler has been employee of Defendant Mid-Hudson Addiction Recovery Center, Inc.

16. Laffler has been employee of Defendant Florence Manor Community Residence.

17. Laffler has been employee of Defendant Mid-Hudson Alcoholism Recovery Center, Inc.

18. At all times mentioned herein, the Defendants, upon information and belief, are in, and have been engaged in, the business of owning and managing facilities for chemically dependent individuals and their families.

19. At all relevant times, Mid-Hudson employed Plaintiff.

20. At all relevant times, Plaintiff took direction from the Defendants.

21. At all relevant times, the Defendants jointly exercised control over the terms and conditions of Plaintiff's employment.

22. Mid-Hudson Addiction Recovery Center, Inc. is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for

3

each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

23. Florence Manor Community Residence is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

24. Mid-Hudson Alcoholism Recovery Center, Inc. is an "employer" under Title VII as it is engaged in an industry affecting commerce and has had fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year.

25. Mid-Hudson Addiction Recovery Center, Inc. is also an "employer" as defined in Section 292(5) of the Human Rights Law.

26. Florence Manor Community Residence is also an "employer" as defined in Section 292(5) of the Human Rights Law.

27. Mid-Hudson Alcoholism Recovery Center, Inc. is also an "employer" as defined in Section 292(5) of the Human Rights Law.

28. Upon information and belief, the Mid-Hudson Defendants share common directors and/or officers.

29. Upon information and belief, there was an inter-relation of operations among the Mid-Hudson Defendants.

30. Upon information and belief, the Defendants jointly exercised control over labor and employee relations and labor policy decisions for their employees, including the Plaintiff.

4

31. Upon information and belief, the Defendants and their agents jointly made the decisions that led to the violation of the Plaintiff's rights under Section 1981, Title VII, and the Human Rights Law.

32. Pressman exercised control over the terms and conditions of the Plaintiff's employment.

33. Laffler exercised control over the terms and conditions of the Plaintiff's employment.

## FACTS

34. The Plaintiff, Clyda Williams, a black, African-American female, began her employment with the Mid-Hudson Defendants on or about November 7, 2003 as a Weekend Night Manager at their facility known as the Florence Manor Community Residence (the "Residence") located at 52 Route 9, Fishkill, New York.  The Residence is a home for women with substance abuse problems.

35. At all relevant times, the Plaintiff performed her job duties satisfactorily.

36. At the time the Mid-Hudson Defendants hired the Plaintiff, they employed an individual named Laura Lowe.

37. Ms. Lowe made the decision to hire the Plaintiff.

38. At the time Ms. Lowe made the decision to hired the Plaintiff, Ms. Lowe was then the Program Director.

39. The Plaintiff reported directly to Ms. Lowe.

40. In or about April 2004, Ms. Lowe promoted the Plaintiff to the position of Weekend Manager.

41. On or about June 4, 2004, Ms. Lowe retired for medical reasons.

42. In or about June 2004, Laffler, who was the then Assistant Program Director, took over Ms. Lowe's responsibilities and became the Acting Program Director.

43. At or about this time, the Plaintiff began reporting directly to Laffler.

44. In or about June 2004, Pressman, the Executor Director of the Mid-Hudson Defendants, gave Laffler permission to assign the Plaintiff as a Full Time Mental Health Worker.

45. In or about July 2004, the Residence had approximately 13 female residents, of which 3 or 4 were black, African-American or Hispanic.

46. The Plaintiff witnessed Laffler discriminating against the minority residents by treating them less favorably than the white, Caucasian residents. For example, Laffler allowed the white, Caucasian residents more weekend passes, more phone privileges, and more individual counseling.

47. In July 2004, the Plaintiff opposed Laffler's discrimination. The Plaintiff complained to Pressman, who was Laffler's supervisor, that Laffler was discriminating against the minority residents by treating them less favorably than the white, Caucasian residents.

48. In response, Pressman told the Plaintiff "not to stress" such discrimination.

49. Pressman did nothing to investigate the Plaintiff's complaint of Ms. Laffler's discriminatory treatment of the minority residents or take any action to remedy it. In short, Pressman abdicated his duty to investigate the Plaintiff's complaint of racial discrimination.

50. Despite the Plaintiff's complaints about Laffler's discrimination towards minorities, Pressman promoted Laffler to Program Director on or about September 3, 2004.

51. The Plaintiff was promoted to Assistant Program Director on or about September 10, 2004, demonstrating that her job performance was excellent.

52. On or about September 29, 2004, Laffler was absent from work.

53. The Plaintiff needed Laffler's supervision because a resident had become very upset. Because Laffler had demanded in the past that the Plaintiff only seek supervision from her and no one else, the Plaintiff called Laffler at home to discuss this situation.  As such, the Plaintiff was simply following the procedures established by Laffler.

54. However, when the Plaintiff called Laffler on this occasion, Laffler yelled at the Plaintiff and called her an "ignorant black Nigger."

55. The Plaintiff was shocked and upset by Laffler's use of this extremely offensive racial slur. As a result of this blatant racial discrimination and racial slur, the Plaintiff told Laffler that she would report this discrimination to Pressman.

56. The next day, on September 30, 2004, Laffler issued the Plaintiff a written warning for alleged poor job performance.  This warning was issued in retaliation for the Plaintiff's opposition to Laffler's racial discrimination, because the Plaintiff told Laffler that she would report to Pressman that she called her an "ignorant black Nigger."

57. That same day, the Plaintiff complained to Pressman about Laffler's general treatment but, at that time, she did not report the racial slur out of fear for losing her job.

58. On October 8, 2004, in a written memorandum, the Plaintiff reported to Pressman that Laffler called her an "ignorant black Nigger."

59. As a result of said complaint by the Plaintiff, a meeting was scheduled with Pressman on October 12, 2004 to discuss Laffler's discrimination against the Plaintiff.

60. However, a couple of days before the meeting, Laffler continued her retaliation against the Plaintiff by threatening the Plaintiff with bodily harm.

61. During the October 12, 2004 meeting with Pressman, the Plaintiff reiterated to him that Laffler called her an "ignorant black Nigger." Later that day, in another meeting with Pressman and Laffler, the Plaintiff repeated her opposition to Laffler's racial discrimination.

62. Again abdicating his duty to investigate and remedy the racial discrimination, Pressman said that Laffler and the Plaintiff must work together. Pressman took no other action to investigate or remedy Laffler's intentional racial discrimination against the Plaintiff.

63. On or about October 21, 2004, in her final act of retaliation, Laffler fired the Plaintiff.

64. Laffler bluntly told the Plaintiff that she could not trust the Plaintiff because she reported to Pressman that she called her an "ignorant black Nigger."

65. By and through their course of conduct as alleged above, the Defendants and their agents violated Section 1981, Title VII, and the Human Rights Law.

66. As a consequence of the foregoing, the Defendants and their agents caused the Plaintiff to suffer lost pay and benefits, humiliation, embarrassment, and severe mental and physical anguish and distress.

### AS AND FOR PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER TITLE VII AGAINST THE MID-HUDSON DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION

67. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

68. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq. by harassing Plaintiff, denying her equal terms and conditions of employment, and terminating Plaintiff based on her race and color.

69. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

8

## AS AND FOR PLAINTIFF'S SECOND CLAIM FOR RELIEF UNDER TITLE VII AGAINST THE MID-HUDSON DEFENDANTS FOR HOSTILE WORK ENVIRONMENT

70. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

71. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq. by subjecting Plaintiff to a hostile work environment by materially altering the terms and conditions of her employment based on her race and color.

72. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S THIRD CLAIM FOR RELIEF UNDER TITLE VII AGAINST THE MID-HUDSON DEFENDANTS FOR UNLAWFUL RETALIATION

73. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

74. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated Title VII, 42 U.S.C. § 2000e et seq. by terminating the Plaintiff in retaliation because she opposed being denied equal terms and conditions of employment based on her race and color and because she opposed unlawful discrimination against other minorities.

75. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S FOURTH CLAIM FOR RELIEF UNDER SECTION 1981 AGAINST THE MID-HUDSON DEFENDANTS FOR UNLAWFUL DISCRIMINATION AND TERMINATION

76. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

77. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated 42 U.S.C. § 1981 by harassing Plaintiff, denying her equal terms and conditions of employment, and terminating Plaintiff based on her race and color.

78. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S FIFTH CLAIM FOR RELIEF UNDER SECTION 1981 AGAINST THE MID-HUDSON DEFENDANTS FOR HOSTILE WORK ENVIRONMENT

79. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

80. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated 42 U.S.C. § 1981 by subjecting Plaintiff to a hostile work environment by materially altering the terms and conditions of her employment based on her race and color.

81. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

### AS AND FOR PLAINTIFF'S SIXTH CLAIM FOR RELIEF UNDER SECTION 1981 AGAINST THE MID-HUDSON DEFENDANTS FOR UNLAWFUL RETALIATION

82. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

83. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated 42 U.S.C. § 1981 by terminating the Plaintiff in retaliation because she opposed being denied equal terms and conditions of employment based on her race and color and because she opposed unlawful discrimination against other minorities.

84. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S SEVENTH CLAIM FOR RELIEF UNDER THE
HUMAN RIGHTS LAW AGAINST THE MID-HUDSON DEFENDANTS FOR
UNLAWFUL DISCRIMINATION AND TERMINATION**

85. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

86. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated the Human Rights Law by harassing Plaintiff, denying her equal terms and conditions of employment, and terminating Plaintiff based on her race and color.

87. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S EIGHTH CLAIM FOR RELIEF UNDER THE
HUMAN RIGHTS LAW AGAINST THE MID-HUDSON DEFENDANTS FOR
HOSTILE WORK ENVIRONMENT**

88. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

89. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated the Human Rights Law by subjecting Plaintiff to a hostile work environment by materially altering the terms and conditions of her employment based on her race and color.

90. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

**AS AND FOR PLAINTIFF'S NINTH CLAIM FOR RELIEF UNDER THE
HUMAN RIGHTS LAW AGAINST THE MID-HUDSON DEFENDANTS
FOR RETALIATION**

91. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

92. By and through their course of conduct as alleged above, the Mid-Hudson Defendants and their agents willfully violated the Human Rights Law by terminating the Plaintiff in

retaliation because she opposed being denied equal terms and conditions of employment based on her race and color and because she opposed unlawful discrimination against other minorities.

93. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S TENTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST PRESSMAN FOR AIDING AND ABETTING UNLAWFUL DISCRIMINATION

94. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

95. By and through their course of conduct as alleged above, Defendant Pressman willfully violated the Human Rights Law by aiding and abetting the unlawful discrimination against the Plaintiff based on her race and color.

96. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S ELEVENTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST LAFFLER FOR AIDING AND ABETTING UNLAWFUL DISCRIMINATION

97. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

98. By and through their course of conduct as alleged above, Defendant Laffler willfully violated the Human Rights Law by aiding and abetting the unlawful discrimination against the Plaintiff based on her race and color.

99. As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S TWELFTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST PRESSMAN FOR RETALIATION

100.    Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

12

101.   By and through their course of conduct as alleged above, Defendant Pressman willfully violated the Human Rights Law by terminating the Plaintiff and harassing the Plaintiff in retaliation for her opposition to being denied equal terms and conditions of employment based on her race and color and because she opposed unlawful discrimination against other minorities.

102.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## AS AND FOR PLAINTIFF'S THIRTEENTH CLAIM FOR RELIEF UNDER THE HUMAN RIGHTS LAW AGAINST LAFFLER FOR RETALIATION

103.   Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

104.   By and through their course of conduct as alleged above, Defendant Laffler willfully violated the Human Rights Law by terminating the Plaintiff and harassing the Plaintiff in retaliation for her opposition to being denied equal terms and conditions of employment based on her race and color and because she opposed unlawful discrimination against other minorities.

105.   As a consequence thereof, Plaintiff has been caused to suffer injuries and damages in amounts to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff prays that this Court:

     (a)    accepts jurisdiction over this matter;

     (b)    impanels and charges a jury with respect to the claims for relief; and

     (c)    awards the following damages against Defendants:

          i.    Back pay, front pay, and all benefits along with pre and post judgment interest, in amounts to determined at trial;

          ii.    Punitive, liquidated, and compensatory damages including, but not limited to, damages for pain and suffering, anxiety, humiliation,

physical injuries and emotional and physical distress in order to compensate her for the injuries she has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments, in amounts to be determined at trial;

iii.    Attorneys' fees, costs, and expenses as provided for by the applicable statutes;

iv.    Require Defendants to offer and, if accepted by Plaintiff, to reinstate her to the same position from which they discriminatorily terminated her; and,

v.    Any other relief which this Court deems just and equitable.

Dated: Hackensack, New Jersey
        August 1, 2005

Respectfully submitted,

**HALSBAND LAW OFFICES**

By:    Jyoti Mistry Halsband (JH-9171)
        David S. Halsband (DH-4609)
        Attorneys for Plaintiff Clyda Williams
        39 Hudson Street, 4th Floor
        Hackensack, New Jersey 07601
        (201) 487-6249